IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OTIS STEWART,
No. B25889,

                    Petitioner,

vs.                                          CIVIL NO. 13-CV-01253-DRH

MARC HODGE,[1]

                    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Petitioner Otis Stewart is in the custody of the Illinois Department of Corrections, housed at Lawrence Correctional Center. In 2001, Stewart was convicted in the Madison County Circuit Court of home invasion and aggravated discharge of a firearm. *People v. Stewart*, No. 01-cf-61 (Cir. Ct. Madison Co. 2001). He was sentenced to 35 years of imprisonment for home invasion, and a consecutive 20 year term of imprisonment for the firearm offense. Stewart is now before the Court pursuant to 28 U.S.C. § 2254, asserting nine enumerated issues. Put succinctly, Stewart contends that his trial counsel, appellate counsel, and post-trial counsel were all ineffective, preventing him from raising several trial errors and challenging the impartiality of the jury.

      The procedural history outlined in the petition is muddled. It appears that Stewart's direct appeal was unsuccessful (*People v. Stewart*, 795 N.E.2d 335 (Ill.

---

[1] The Clerk of Court shall have the record reflect that the proper spelling of respondent's first name is "Marc," not "Marck," as it is spelled in the petition.

App. 5th Dist. 2003); *pet. for leave to appeal denied*, 795 N.E.2d 335 (Ill. Dec. 3 2003)), as was his post-conviction petition in the Illinois courts (No. 01-cf-61 (Cir. Ct. Madison Co. \_\_\_\_); *aff'd* 2012 WL 7059794 (Ill. App. 5th Dist. Aug. 20, 2012); *pet. for leave to appeal denied*, 981 N.E.2d 1002 (Ill. Nov. 28, 2012)). The Section 2254 petition further indicates that Stewart filed additional post-conviction petitions in Madison County on July 30, 2012, and in Lawrence County on November 1, 2013. According to Stewart, the Madison County petition was denied, but is pending on appeal, and the Lawrence County petition is still pending in the circuit court.

The possibility of a "mixed petition" presenting some procedurally exhausted issues and other non-exhausted issue is very real, but the confusing procedural history outlined in the Section 2254 petition precludes a proper analysis of whether a stay is warranted under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Furthermore, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Hodge will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent Hodge shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon

the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that petitioner Stewart shall have thirty days from the date respondent Hodge filed his responsive pleading to the petition to file a reply (*see Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (petitioner must be given an opportunity to show cause for any failure to exhaust and to address the appropriateness of a stay)).

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**January 3, 2014**

David R. Herndon
2014.01.03
19:54:29 -06'00'

**Chief Judge**
**United States District Court**