IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS STEWART, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) Case No. 13-cv-1253-DRH-CJP |
| MARC HODGE, | ) |
| | ) |
| Respondent. | ) |

### ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on petitioner's Motion for Reconsideration. **(Doc. 33)**. Plaintiff seeks reconsideration of the order denying his Motion to Correct the Record, Doc. 31.

The Court previously granted petitioner leave to amend his petition to add an additional ground for habeas relief. The additional ground is denominated as ground 10, and it asserts that the state court erred in two respects in sentencing. See, Doc. 24, pp. 38-43. Petitioner then sought leave to "correct" the record by changing the caption on ground 10 to add the phrase "in violation of petitioner's 14th Amendment right to due process." He stated that, "with only the correction to the caption, CLAIM-10 also remain[s] the same in substance." See, 26.

Petitioner now argues that the Court should have granted his motion because respondent has conceded that he exhausted his state remedies and his claim is not barred by the statute of limitations. He also points out that invoking the Fourteenth Amendment serves to alert the state court to the federal

1

constitutional nature of a claim.  Both of his statements are correct, but irrelevant.  Invoking the Fourteenth Amendment in federal court after state court proceedings are completed obviously does not serve to alert the state court to the federal nature of a claim.

Petitioner's Motion for Reconsideration **(Doc. 33)** is **DENEID.**

**IT IS SO ORDERED.**

**DATE:  May 7, 2015.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**