IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OTIS STEWART,

        Petitioner,

vs.                                            Civil No. 13-cv-1253-DRH-CJP

MARK HODGE,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, Otis Stewart, was convicted of home invasion and aggravated discharge of a firearm after a jury trial in Madison County, Illinois, in 2001. He was sentenced to thirty-five years of imprisonment for the charge of home invasion and a consecutive twenty year term for the charge of aggravated discharge of a firearm.

In December 2013, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1), raising the following grounds:

1. Petitioner was denied the right to a preliminary hearing in violation of the Fourteenth Amendment.

2. Petitioner was denied an impartial jury at trial because one juror knew two of the State's witnesses.

3. Petitioner's post-trial counsel was ineffective for waiving petitioner's juror misconduct claim.

4. Petitioner's right to confrontation was violated when the State elicited

    testimonial hearsay evidence in violation of *Crawford*[1] and the Sixth Amendment.

5. Petitioner's trial counsel was ineffective for failing to:

    a. move to suppress officers' identifications of petitioner;
    b. move to suppress petitioner's statement to law enforcement;
    c. interview witnesses who saw petitioner at the nightclub;
    d. interview the State's witnesses before trial;
    e. seek a preliminary hearing;
    f. move to dismiss the indictment for a due process violation; and
    g. move for a mistrial based on the *Crawford* violation.

6. Petitioner's post-conviction appellate counsel was ineffective and violated his Sixth Amendment right by withholding information vital to petitioner's request for a new trial.

7. Petitioner's sentence was unconstitutional because he is actually innocent.

8. Petitioner's post-conviction counsel was ineffective for not raising post-conviction counsel's ineffectiveness on appeal in violation of petitioner's Sixth Amendment rights.

9. Petitioner's post-conviction counsel was ineffective for failing to assist petitioner in litigating the claims of his post-conviction petition in violation of petitioner's Due Process rights under the Fourteenth Amendment.

In response, respondent contends the petitioner's first claim is unexhausted, not cognizable on habeas review, and barred by the Supreme Court's holding in *Teague v. Lane*. 489 U.S. 288 (1989). He argues that claims 2, 3, 5, 7, 8, and 9[2] are procedurally defaulted, and claim 4 does not warrant habeas relief. Petitioner filed an amended petition with the Court in December 2014. He added a tenth ground for appeal; that his sentence to consecutive terms of thirty-five and twenty

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004).
[2] The Court notes that respondent did not list petitioner's sixth ground for appeal. Therefore, his brief has numbered the claims incorrectly and failed to address petitioner's sixth point. The Court will modify the numbering of the claims in respondent's rebuttals to reflect petitioner's initial habeas petition and minimize confusion.

years were void because the statute did not authorize a consecutive sentence. Respondent argues that claim 10 is not cognizable on habeas review.

### Relevant Facts

1. **Facts of the Crime**

The following summary is taken from a Fifth District Appellate Court direct appeal order. Doc. 13, Ex. D.

On January 7, 2001, petitioner, a man named Robert Mike, and another man named Patrick Thomas spent most of their evening at a night club called Club CTW. Petitioner and Mike got into a heated argument at the club. Mike and Thomas decided to leave the club and Mike went home. Around 3 a.m., Thomas and petitioner arrived at Mike's home. Mike assumed the petitioner was there to apologize for their argument and allowed Thomas and petitioner into his home. When petitioner entered Mike's house he pulled a handgun on Mike and demanded money.

Mike convinced petitioner that he needed to look for money upstairs. While upstairs, Mike called 9-1-1 and stalled for time while the police were en route. He then heard a gunshot downstairs. Thomas was shot in the leg, and around that time four officers from the Alton police department arrived. Officer Brent Bertschi was the first to find petitioner and a companion leaving the scene. When he ordered them to halt, they ran. Petitioner fired four rounds at Officer Bertschi as he fled. Officer Shane Gibbs was standing near and ordered petitioner to drop his gun. Petitioner slowed down and started to point his gun at Officer Gibbs. Officer

Gibbs fired two rounds at petitioner. Petitioner was not hit, but fell to the ground and tossed his gun. Petitioner was arrested immediately and the gun he used to fire at the officers was found. Petitioner's companion that fled with him was able to get away.

Thomas was the only witness to his shooting and initially refused to cooperate with the investigation. He stated that a man named Rico Long, not petitioner, was the man who shot him. Petitioner stood trial before a Madison County jury on charges of home invasion, aggravated battery with a firearm, and aggravated discharge of a firearm. Thomas did not testify at petitioner's trial. The jury found him guilty of home invasion and aggravated discharge of a firearm and found him not guilty of aggravated battery. He was sentenced to thirty-five years of imprisonment for home invasion and a consecutive twenty year term for aggravated discharge of a firearm.

### 2. Procedural History

The procedural history of petitioner's case is lengthy and muddled. Petitioner filed a direct appeal to the Appellate Court for the Fifth District of Illinois and the conviction was affirmed. *People v. Stewart,* 342 Ill.App.3d 350, 276 Ill.Dec 982, 795 N.E.2d 335 (2003). In August 2003, petitioner filed his first section 2-1401 petition for relief from judgment. *See,* 735 ILCS 5/2-1401 (West 2002). He claimed his conviction was void because he did not receive a preliminary hearing after the State amended his indictment. In September 2003, the circuit court dismissed the petition. In December 2003, petitioner filed a supplement to the

petition where he claimed that the State knowingly relied upon perjured testimony before the grand jury in order to secure an indictment. In February 2004, the court dismissed the supplement and reiterated its dismissal of the initial 2-1401 petition. Petitioner did not appeal these orders of dismissal.

In March 2004, petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Madison County. *See*, 725 ILCS 5/122-1 to 122-8 (West 2004). He raised the following claims:

1. He was denied the right to an impartial jury because a juror knew two witnesses;

2. He was denied a speedy trial

3. He did not receive a preliminary hearing on the amended indictment;

4. His confrontation clause right was violated when the State presented prejudicial hearsay evidence in violation of Crawford and the Sixth Amendment;

5. He is actually innocent;

6. Trial counsel was ineffective for failing to:

    a. move to suppress petitioner's statement;

    b. move to suppress Officer Bertschi's identification of petitioner;

    c. interview witnesses from the club;

    d. interview the State's witnesses before trial;

    e. seek a preliminary hearing;

    f. move to dismiss the indictment;

    g. and move for a mistrial based on the Crawford violation;

7. Post-trial counsel was ineffective for not investigating petitioner's claim of

    juror misconduct;

8. Post-conviction counsel was ineffective for failing to investigate petitioner's claim of juror misconduct

9. Post-Conviction appellate counsel was ineffective for failing to argue post-conviction trial counsel's ineffectiveness.

The trial court denied this petition.[3] The petitioner appealed this denial but only raised the claims that the State improperly relied on testimonial hearsay evidence in violation of *Crawford* and that appellate counsel's failure to raise this issue on appeal was ineffective assistance of counsel. Doc. 13, Ex. H. The appellate court affirmed the lower court's ruling and held that the *Crawford* violation was a harmless error. *People v. Stewart*, 2012 IL App (5th) 100292-U. The Illinois Supreme Court denied petitioner's petition for leave to appeal. Doc. 13, Ex. M.

In July 2012, petitioner filed another 2-1401 petition for relief from judgment. In this he raised two claims: (1) the order for consecutive sentences was void because the he committed his offenses as part of a single course of conduct and the sentencing statutes did not authorize consecutive sentences in that circumstance; and (2) the order for an extended term of imprisonment for home invasion was void because home invasion was his lesser offense and the statute did not authorize an extended term except for the most serious offense. The circuit court found the judgment was not void and dismissed the petition. Petitioner filed an appeal to the Fifth District Appellate Court, and the court there

---

[3] The Court notes that the record of this pro se circuit court petition and the trial court's denial is contained in petitioner's habeas petition to this Court, the respondent's brief, and a brief reference within petitioner's appeal. The actual court records of this petition are not found within the record.

found that every portion of the sentencing order was authorized by statute and affirmed the lower court's judgment. *People v. Stewart*, 2014 IL App (5th) 120471-U, 20 N.E.3d 1261 (Ill. 2014).

In October 2013, petitioner filed a state habeas corpus claim pursuant to 735 ILCS 5/10-101. Petitioner argued that his convictions were void because the circuit court lacked jurisdiction to convict him because it failed to conduct a preliminary hearing after the State filed an amended indictment. Doc. 13, Ex. P. In June 2015, the state appellate court found that the appeal was barred by *res judicata* because plaintiff's sole complaint was litigated and the circuit court rendered a final judgment. *Stewart v. Duncan,* 2015 IL App (5th) 140416-U, *appeal denied*, 42 N.E.3d 375 (Ill. 2015).

## Applicable Legal Standards

### 1. Law Applicable to §2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### 2. Exhaustion and Procedural Default

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, a petitioner must fully present his claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 843-846.

## Analysis

1. <u>Preliminary Hearing</u>

On the day of petitioner's trial, the state presented the trial court with an amended indictment by interlineation. Petitioner's counsel objected because he felt it substantially changed the charge by adding a new victim that was not put there by the grand jury. The trial court sustained the objection, but allowed the

8

indictment to be amended by an information instead. When asked by the trial court if petitioner's counsel objected he stated "I don't think I can." Doc. 1, Ex. 1, Pg. 1-2.

Petitioner argues that since the trial court amended his indictment he should have received a preliminary hearing or the court should have obtained a waiver from petitioner. He states that he has a right to a preliminary hearing under the Illinois constitution and the Fourteenth Amendment. Respondent argues that this claim is based solely on state law and federal habeas relief is only available when a petitioner shows "he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). He contends that federal law does not require a defendant in state court to be charged by indictment. Respondent cites *Alexander v. Louisiana* where the Supreme Court stated, "[a]lthough the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." 405 U.S. 625, 633 (1972).

The Seventh Circuit addressed an issue similar to the case at hand in *Bae v. Peters*. 950 F.2d 469 (7th Cir. 1991). Bae was convicted of arson and his indictment was changed shortly before his trial to change the name of the owner of the building affected by his crime. Bae, similar to petitioner in the case at hand, argued that amending the indictment violated his right to be indicted by grand jury. The Seventh Circuit noted that "[t]he Fifth Amendment provides that 'no person shall be held to answer for a capital, or otherwise infamous crime, unless

9

on a presentment or indictment of a Grand Jury.'" *Id.* at 477. They also noted, however, that the Supreme Court has held "that no federal right to a grand jury exists in state prosecutions. See, e.g. Alexander v. Louisiana, 405 U.S. 625 (1972)." *Id.* (internal citations omitted).

The Court went on to explain that while Bae had no federal constitutional right to be indicted by a grand jury,

> it is certainly reasonable to state that an indictment must meet general Fourteenth Amendment standards. No matter how a state chooses to charge a criminal defendant, the due process clause requires that a criminal defendant receive 'notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge.'

*Id.* at 478 *citing*, *Cole v. Arkansas,* 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948); *Olsen v. McFaul,* 843 F.2d 918, 930 (6th Cir.1988). Therefore, an overly vague indictment or a last-minute change to the charges can prejudice a defendant's opportunity to sufficiently defend himself. "[I]f that prejudice is severe enough, a due process violation could occur." *Bae,* 950 F.2d at 478.

It follows then, that if petitioner "received adequate notice of the charges against him so that he [had] a fair opportunity to defend himself, the constitutional requirement [was] met." *Id.* Petitioner broadly states that the act of amending the indictment was prejudicial because he did not receive or waive his right to a preliminary hearing. However, as respondent states, petitioner does not explain *how* the amendment to the indictment caused him to have inadequate notice of the charges against him or damaged his defense in any way.

Further the Court notes that the requirements for amending indictments differ greatly from the requirements for amending an information. Indictments, generally, cannot be amended. "An indictment may not be 'amended except by resubmission to the grand jury.'" *United States v. Leichtnam*, 948 F.2d 370, 376 (7th Cir. 1991) (quoting, *Russell v. United States*, 369 U.S. 749, 770 (1962).[4] However, an information can be amended at any time before a verdict or finding as long as "an additional or different offense" is not charged or a "substantial right of the defendant" is not prejudiced. Fed. R. Crim. P. 7(e).

Here, the trial court amended the information to include a victim not on the original indictment. This did not alter the offense under which petitioner was charged, nor did it prejudice petitioner's defense. The name of a victim is not an element of any of the offenses with which petitioner was charged. The change happened well before trial and petitioner's counsel had adequate notice to prepare. Therefore, petitioner received constitutionally adequate notice of the charges against him and his preliminary hearing claim must be denied on the merits. 28 U.S.C.A. § 2254(b)(2).

2. Hearsay Evidence in Violation of *Crawford*

At petitioner's trial, a detective testified that a codefendant of petitioner's informed another officer that petitioner had "received word that [Thomas] was holding $10,000 in a glove compartment of his vehicle. And [petitioner] suggested that the three of them do a lick, do a rip on Mr. Thomas." Doc. 13, Ex. H, Pg. 9.

---

[4] The Court notes that the Seventh Circuit in *Leichtnam* outlined two exceptions as to when indictments may be amended. However, since petitioner's indictment was not altered these exceptions will not be addressed.

Petitioner argues that his right to confrontation under the Sixth Amendment was violated when this hearsay statement was admitted into evidence. The post-conviction appellate court held that the admission of this statement violated petitioner's Sixth Amendment right to confrontation but that the error was harmless beyond a reasonable doubt. *People v. Stewart,* 2012 IL App (5th) 100292-U, ¶ 12.

When the state appellate court adjudicates a claim on its merits, this Court may overturn the decision if it is "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C.A. § 2254(d).

In *Kamlager v. Pollard* the Seventh Circuit explained this portion of §2254 further. 715 F.3d 1010, 1015-16 (7th Cir. 2013). The Court noted that a "state court decision is 'contrary to' federal law if it applied the wrong legal standard established by Supreme Court precedent." *Id.* at 115. They went on to state that "[a]lternatively, a state court decision involves an 'unreasonable application of' federal law if the state court 'correctly identifies the governing legal principle… but unreasonably applies it to the facts of the particular case.'" *Id.* at 115-16 (internal citations omitted). The Court defined a reasonable application of federal law as "at least minimally consistent with the facts and circumstances of the case." *Id.* at 116.

The Supreme Court precedent the appellate court applied in the case at hand

is from *Crawford v. Washington* and *Chapman v. California*. 541 U.S. 36 (2004); 386 U.S. 18 (1967). In *Crawford*, the Court unequivocally held that out-of-court statements that are testimonial are barred by the Confrontation Clause of the Constitution unless witnesses are unavailable and defendants had the opportunity to cross-examine witnesses. *Crawford*, 541 U.S. at 49-51. The appellate court determined that the hearsay statements at petitioner's trial were a clear violation of *Crawford*. *People v. Stewart*, 2012 IL App (5th) 100292-U. However, they also noted that *Crawford* violations are subject to harmless error review under the Supreme Court's ruling in *Chapman v. California*, 386 U.S. 18 (1967).[5]

In *Chapman*, the Supreme Court stated, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id*. at 24. An error is considered harmless if the state proves "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id*. The Supreme Court articulated this in an alternative way later by asking, "[i]s it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" *Neder v. United States*, 527 U.S. 1, 18 (1999).

In determining the constitutional error was harmless, the appellate court in the case at hand stated that "there was overwhelming evidence outside of the improperly admitted hearsay from [the officer's] report to support defendant's

---

[5] The appellate court cited *People v. Patterson*, 217 Ill.2d 407, 428, 841 N.E. 2d 889, 901 (2005), which applied the Supreme Court's holding in *Chapman v. California* which adopted the harmless error rule for some Constitutional errors.

convictions." *People v. Stewart*, 2012 IL App (5th) 100292; 2012 WL 7059794. The court noted that two police officers testified they saw petitioner flee the scene of the home invasion, shoot at them while in flight, and his gun was retrieved from the scene. *Id*. The victim of the home invasion testified that he and petitioner had an argument at a club and then petitioner came into his home, demanded money, and displayed a firearm. *Id.*. Finally, petitioner stated that he went to the victim's house with the hope of obtaining money. He stated, "I guess I figured since I was with this other dude doing a lick, I might as well go along for the ride and get something out of it." Doc. 13, Ex. H, Pgs. 22-23.

As stated above, this Court can only overturn a state appellate court's ruling that was adjudicated on its merits when it is "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C.A. § 2254(d). Here, it is evident that the appellate court reasonably applied the Supreme Court precedent and was reasonable in its determination of the facts in light of the evidence.

Petitioner argues the evidence against him was circumstantial and weak, and had the hearsay not been improperly admitted petitioner could not have been found guilty of home invasion beyond a reasonable doubt. This Court fails to follow petitioner's reasoning and agrees with the appellate court that "[e]ven without the use of the nontestifying codefendant's statement, the verdict would

have been the same. . . the evidence against defendant was overwhelming." *Id*.

Further, as respondent notes, even if the state court's judgment was unreasonable, the Court may only grant habeas relief if petitioner demonstrates the error caused him actual prejudice. *Kamlager*, 715 F.3d at 1016. Petitioner has not demonstrated the prejudice caused by the hearsay error and this Court cannot grant habeas relief on this matter.

3. <u>Sentencing Argument</u>

In petitioner's amended application for habeas relief he claims his sentence is void because the Illinois statute does not authorize a consecutive sentence when the offenses were committed in a single course of conduct. Respondent argues that federal habeas relief is not available because petitioner must show "he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Petitioner claims that his right to due process was violated and therefore this claim does present a constitutional issue.

Here, petitioner fails to demonstrate how this issue is constitutional and not solely a state matter. Petitioner's claim rests solely on Illinois sentencing laws and the state court determination of what should be his sentence. As respondent noted, [i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, it is outside the jurisdiction of this court to evaluate this matter on its merits under federal habeas review.

4. <u>Procedurally Defaulted Claims</u>

Petitioner's second, third, fifth, sixth, seventh, eighth, and ninth claims are all procedurally defaulted. As respondent notes, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Illinois, the relevant claim must be presented to the circuit court, the appellate court, and in a PLA to the state supreme court. Petitioner raised his second, third, fifth, sixth, seventh, eighth, and ninth claims in his state post-conviction petition but did not raise them on appeal nor did he raise them in a PLA. Doc. 1, Pgs. 8-37.

Petitioner does not default these claims if he demonstrates "cause and prejudice" or a "fundamental miscarriage of justice." *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010). Here, petitioner states that his appellate counsel was ineffective and failed to raise these issues on appeal. He argues that this demonstrates cause and prejudice and that if this Court defaults the claims it would result in a fundamental miscarriage of justice.

However, the Supreme Court addressed this issue in *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). There, a petitioner defaulted on claims and argued that ineffective assistance of appellate counsel constituted cause to excuse his default. The Court reasoned that they "need only to decide whether [petitioner] had a constitutional right to counsel on appeal. . . We conclude that he did not." *Id*. Consequently, in the case at hand, petitioner's claims that he defaulted

procedurally due to his appellate counsel's failure to address his claims does not provide him a path to federal substantive habeas review on claims two, three, five, six, seven, eight, and nine. *Id.*

### **Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is rejected on the merits, a certificate of appealability may issue only where the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014), quoting *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-1604 (2000).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack¸* 120 S. Ct. at 1604. Both components must be established for a certificate of

appealability to be issued.

Here, no reasonable jurist would find it debatable whether petitioner is entitled to habeas relief under 28 U.S.C. §2254. Accordingly, the Court denies a certificate of appealability.

## Conclusion

This action is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.13 10:29:18 -05'00'

United States District Judge

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment

filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.